UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-P159-R

BENNIE L. GAMBLE, JR.                                              PETITIONER

v.

WARDEN GRADY PERRY                                               RESPONDENT

MEMORANDUM OPINION AND ORDER

The petitioner, Bennie L. Gamble, Jr., filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus.[1] He also filed an application to proceed without prepayment of fees (DN 6), which is **GRANTED**. The Court will now proceed to review the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the petition appears to be barred by the applicable statute of limitations, the Court will direct Gamble to show cause why his petition should not be dismissed as untimely. The Court will also direct Gamble to show cause why his petition should not be dismissed for failure to exhaust all available state-court remedies.

I.

In his petition, Gamble states that he was convicted in McCracken Circuit Court of capital murder and first-degree robbery. He states the date of his judgment of conviction as "May 13, 1999 – October 29, 2002 (Plea)." He states, "I went to trial, found guilty. Direct Appeal, reversed and remanded new trial. Took a plea agreement." Gamble further states that he was sentenced to "Life - Ct 1, 27½ years, 20 yrs (cc) Ct 2." In the section requesting Gamble to state whether he filed an appeal of the judgment of conviction, he states that he filed an appeal

---

[1]Gamble originally filed his petition in the Eastern District of Kentucky. The petition was transferred to this Court (DN 3).

in the Kentucky Supreme Court on May 13, 1999, and that his conviction was reversed and remanded for a new trial on March 14, 2002.

Gamble also states that he filed a petition for writ of habeas corpus in Floyd County Circuit Court on August 1, 2011. Gamble states that the petition was dismissed and stricken from the docket. He states that he filed an appeal to the Kentucky Court of Appeals on September 13, 2002, which he states is pending. A review of the Kentucky Court of Appeals website shows that Gamble filed a habeas corpus appeal on September 20, 2011, and that the appeal is pending. Under the mailbox rule, Gamble filed his petition for habeas relief in this Court on September 13, 2011.[2]

## II.

Because Gamble's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]Under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, it appears that Gamble was found guilty on or around May 13, 1999, filed an appeal, and that the Kentucky Supreme Court reversed his conviction and remanded the case for a new trial. He then entered into a plea agreement on October 29, 2002, which he did not appeal. Gamble's conviction thus became final on November 28, 2002, thirty days after the trial court entered the judgment of conviction. *See* RCr 12.04. Therefore, he had until November 28, 2003, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack <u>pending</u> in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'") (quoting 28 U.S.C. § 2244(d)(2)). Gamble did not file any time-tolling collateral action before the statute of limitations expired on November 28, 2003.

From a review of the instant petition, it appears that Gamble filed a petition for writ of habeas corpus in Floyd Circuit Court on August 1, 2011, which was denied, and his appeal is pending in the Kentucky Court of Appeals. Whether or not that is a properly filed application for state collateral review or not, filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). To hold otherwise would be to eviscerate the AEDPA's purpose of ensuring finality of state-court judgments. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005).

Gamble did not file a collateral attack of his state-court conviction until August 1, 2011, almost eight years after the one-year statute of limitations for filing a federal habeas petition expired. There was therefore no time left on the statute of limitations to toll. Accordingly, Gamble's § 2254 petition seeking a writ of habeas corpus from this Court appears time-barred and subject to summary dismissal.

**III.**

Furthermore, a federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b);[3]

---

[3]Section 2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus . . . shall not be granted unless it appears that:

*Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). A state prisoner must present the substance of every claim he intends to raise in a § 2254 petition to all levels of state-court review before pursuing relief in federal court. However, where a prisoner's failure to present a claim to the state court bars state court consideration of the claim, an exception to the exhaustion requirement is made, since further resort to the state courts would be futile. *See Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In the present case, it appears that Gamble did not file an appeal of the state-court conviction resulting from his guilty plea. He therefore has not exhausted his administrative remedies, and his 28 U.S.C. § 2254 petition seeking a writ of habeas corpus from this Court is subject to dismissal.

---

(A) the applicant has exhausted the remedies available in the court of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

**IV.**

Before dismissing the action, however, the Court will provide Gamble with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198 (2006). **WHEREFORE, IT IS ORDERED that within thirty (30) days from entry of this Memorandum Opinion and Order, Gamble must show cause why his § 2254 petition for writ of habeas corpus should not be dismissed for being barred by the applicable one-year statute of limitations and for failure to exhaust his state-court remedies. <u>Gamble is WARNED that failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.</u>**

Date:

cc: Petitioner, *pro se*
4413.010