UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-P159-R

**BENNIE L. GAMBLE, JR.**                                                                                        **PETITIONER**

v.

**WARDEN GRADY PERRY**                                                                                       **RESPONDENT**

### MEMORANDUM OPINION

The petitioner, Bennie L. Gamble, Jr., filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Gamble to show cause why his petition should not be dismissed as untimely and for failure to exhaust state-court remedies. Having reviewed Gamble's response to the show-cause Order, the Court will dismiss the petition as untimely for the reasons set forth below.

### I.  BACKGROUND

In his petition, Gamble states that he was convicted in McCracken Circuit Court of capital murder and first-degree robbery. He states the date of his judgment of conviction as "May 13, 1999 – October 29, 2002 (Plea)." He states, "I went to trial, found guilty. Direct Appeal, reversed and remanded new trial. Took a plea agreement." Gamble further states that he was sentenced to "Life - Ct 1, 27½ years, 20 yrs (cc) Ct 2." In the section requesting Gamble to state whether he filed an appeal of the judgment of conviction, he states that he filed an appeal in the Kentucky Supreme Court on May 13, 1999, and that his conviction was reversed and remanded for a new trial on March 14, 2002.

Gamble also states that he filed a petition for writ of habeas corpus in Floyd County Circuit Court on August 1, 2011. Gamble states that the petition was dismissed and stricken

from the docket. He also states that he filed an appeal to the Kentucky Court of Appeals on September 13, 2002. However, a review of the Kentucky Court of Appeals website shows that Gamble filed a habeas corpus appeal on September 20, 2011, which was denied on November 17, 2011. Under the mailbox rule, Gamble filed his petition for habeas relief in this Court on September 13, 2011.[1]

## II. ANALYSIS

Because Gamble's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, it appears that Gamble was found guilty on or around May 13, 1999, and filed an appeal and that the Kentucky Supreme Court reversed his conviction and remanded the case for a new trial.  He then entered into a plea agreement on October 29, 2002, which he did not appeal.  Gamble's conviction thus became final on November 28, 2002, thirty days after the trial court entered the judgment of conviction.  *See* RCr 12.04.  Therefore, he had until November 28, 2003, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack <u>pending</u> in state court.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'") (quoting 28 U.S.C. § 2244(d)(2)).  Gamble did not file any time-tolling collateral action before the statute of limitations expired on November 28, 2003.

From a review of the instant petition and Gamble's other filings,[2] it appears that Gamble filed a petition for writ of habeas corpus in Floyd Circuit Court on August 1, 2011, which was denied, and the Kentucky Court of Appeals denied his appeal.  Whether or not that is a properly filed application for state collateral review, filing a post-conviction motion does not restart the one-year statute of limitations after it has expired.  *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003).  As the Sixth Circuit opined, "[t]he tolling provision does not, however, 'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).  To hold otherwise would eviscerate the AEDPA's purpose of ensuring finality of state-court judgments.  *See Rhines v. Weber*, 544 U.S. 269, 276 (2005).

Gamble did not file a collateral attack of his state-court conviction until August 1, 2011, almost eight years after the one-year statute of limitations for filing a federal habeas petition expired.  There was therefore no time left on the statute of limitations to toll.  Accordingly, Gamble's § 2254 petition seeking a writ of habeas corpus from this Court is time-barred under the statute.

However, since the one-year limitations period under the AEDPA "is not jurisdictional[,] a petitioner who missed a deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate."  *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005).  The

---

[2]Gamble also filed two interlocutory appeals and a petition for writ of mandamus in the Sixth Circuit Court of Appeals.  Each has been dismissed by the Sixth Circuit.

doctrine, however, should be applied "sparingly," and the petitioner "bears the burden of demonstrating that he is entitled to equitable tolling." *Vroman*, 346 F.3d at 604 (citations omitted). A petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, -- U.S. --, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Absent such a showing "a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quotation omitted).

In response to the Court's show-cause Order, Gamble states that his conviction was obtained by a guilty plea which was unlawfully induced and by a violation of the protection against double jeopardy and that he was denied effective assistance of counsel. He also states that "exhaustion of state remedies are insufficient, inadequate, and futile because of the issue of state remedies being in want of lack of jurisdiction . . . pursuant to the U.S. Constitution and Violation of the Petitioner's rights." However, Gamble does not state in his response, his attached affidavit, or his other filings any circumstance which prevented him from timely filing his § 2254 petition, filed almost eight years after the statute of limitations expired. Moreover, he does not state that he was pursuing his rights diligently during that time.

Gamble has therefore failed to satisfy his burden of showing that he is entitled to equitable tolling, and the Court concludes that this action is untimely. By separate Order, the Court will dismiss this action.

Because the Court will dismiss the § 2254 petition as untimely, the Court need not address the issue of exhaustion of state-court remedies.

### III.  CERTIFICATE OF APPEALABILITY

In the event that Gamble appeals this Court's decision, he is required to obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further.  *Id.*  In such a case, no appeal is warranted.  *Id.*  This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

Date:

cc:     Petitioner, *pro se*
        Respondent
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.010